IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **VENITA BURNS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| V. | ) Civil No. **05-466-DRH** |
| | ) |
| **AMERICAN UNITED LIFE INSUR. CO.,** | ) |
| | ) |
| Defendant. | ) |

## ORDER

**PROUD, Magistrate Judge:**

Before the Court is plaintiff's motion to compel defendant to fully respond to interrogatories, requests for production and requests for admission propounded upon defendant. **(Doc. 32).** More specifically, plaintiff is dissatisfied with defendant's response/objection to the following discovery requests:

Interrogatory 12

Requests for Production 11-15, 26-32, 35, 38-44 and 54

Requests for Admission 2, and 7-14

Defendant has not filed a response to plaintiff's motion. However, defendant did file a motion for a protective order aimed at limiting the scope of discovery to the administrative record. In accordance with *Vallone v. CNA Financial Corp.*, 375 F.3d 623, 629 (7th Cir. 2004), defendant's motion for a protective order was denied. That ruling, along with Judge Herndon's ruling that all of plaintiff's state law claims are preempted by ERISA provide the framework for ruling on the vast majority of the discovery requests at issue.

**Interrogatory 12**

1

Interrogatory 12 seeks policies, procedures, rules and/or regulations defendant follows in retroactively terminating policies.  Defendant objects that the interrogatory assumes defendant retroactively terminates polices and retroactively terminated plaintiff's group policy.

Whether defendant retroactively terminates polices and retroactively terminated plaintiff's group policy remains a question of fact to be decided.  Defendant did not lodge an objection based on relevancy grounds, per se.  Therefore, defendant's objection is overruled; defendant must fully answer the interrogatory.  If defendant does not terminate policies retroactively, or it does not follow any policies, procedures, rules and/or regulations when terminating policies retroactively, then defendant need only so respond. Defendant's subsequent response to Interrogatory 12 referencing the policy is an equally ambiguous answer.  Therefore, defendant must respond to Interrogatory 12.

### General Objection to Requests for Production

Defendant asserted a "general objection" to all of the requests for production at issue (Nos. 11-15, 26-32, 35, 38-44 and 54), arguing that the scope of discovery should be limited to the administrative record.  **(Doc. 32, Attachment/Exhibit 6).**  As noted above, discovery beyond the administrative record will be permitted.  Therefore, defendant's general objection is overruled.

### Requests for Production 11-15, 26-32, 35, 38-44 and 54

Defendant's responses to Requests for Production 11-15, 26-32, 35, 38-44 and 54 all reassert defendant's general objection, which has been overruled.  Therefore, defendant must produce the requested materials.

### Requests for Admission 2 and 7-14

Requests 7, 8 and 10-14 all pertain to Illinois statutes Judge Herndon has ruled are preempted by ERISA. Therefore, defendant need not respond to those moot requests for admission.

Defendant objects that Request 2 is vague and ambiguous as worded but, based on a common sense reading defendant also admitted that it issued group short term and long term disability policies, as previously disclosed pursuant to Federal Rule of Civil Procedure 26(a)(1)(B). Request 2 could have been phrased more succinctly, but defendant's qualified answer is adequate and shall stand as is.

Defendant objects that Request 9, regarding whether acceptance of late premiums reinstated the subject policies, is vague, ambiguous, argumentative and calls for a legal conclusion. Defendant also offered a qualified answer premised upon Illinois law. Defendant's objection that the request is vague, ambiguous and argumentative is not well taken. Furthermore, according to Federal Rule of Civil Procedure 36(a), the responding party cannot object to a request for admission merely because the request presents an issue for trial, or requires that application of law to facts. *See also* **Fed.R.Civ.P. 36, Advisory Committee Notes, 1970 Amendment, Subdivision (a).** The responding party should deny the request or set forth reasons why the party cannot admit or deny it. **Fed.R.Civ.P. 36(a).** Also, in light of Judge Herndon's ruling that state law is preempted in this situation, defendant should revise its response.

**IT IS HEREBY ORDERED** that plaintiff's motion to compel **(Doc. 32)** is **GRANTED IN PART AND DENIED IN PART**, as set forth above.

**IT IS FURTHER ORDERED** that on or before **January 6, 2006**, defendant shall respond to Interrogatory 12, Request for Production 11-15, 26-32, 35, 38-44 and 54, and Request for Admission 9.

**IT IS SO ORDERED.**

**DATED: December 13, 2006**

s/ Clifford J. Proud
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**