IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**VENITA BURNS,**

**Plaintiff,**

**v.**

**AMERICAN UNITED LIFE
INSURANCE COMPANY,**

**Defendant.**                                        **No. 05-CV-0466-DRH**

### MEMORANDUM and ORDER

**HERNDON, District Judge:**

      Currently pending before the Court are two "appeals" filed by Defendant (Docs. 41 & 47).  The appeals stem from Magistrate Judge Proud's Orders allowing discovery outside the administrative record, granting in part Plaintiff's motion to compel and denying Defendant's motion for protective order (Docs. 38, 42, & 43). Specifically in its first appeal, Defendant is seeking reversal of a portion of Magistrate Judge Proud's December 7, 2005 Order finding that "discovery must encompass more than just the evidence that was before the plan administrator." (Doc. 36).  In the next appeal, Defendant seeks reversal of a portion of Magistrate Judge Proud's December 13, 2005 Order compelling responses to Plaintiff's Request for Production Nos. 11-15, 26-32, 35, 38-44 & 54 (Doc. 42) and reversal of Magistrate Judge Proud's December 14, 2005 Order denying Defendant's motion for protective order (Doc. 43).  Defendant argues that the Court did not consider its

arguments as to the requests for production and that this lawsuit presents no special circumstances to warrant additional evidence.

Based on the confusion surrounding the discovery issues in this case, the Court entered an Order staying discovery pending the outcome of these appeals and directed the parties to address the standard of review and the scope of discovery (Doc. 58). Thereafter, Plaintiff filed her Fourth Amended Complaint against Defendant seeking benefits under ERISA, 29 U.S.C. § 1132(a)(1)(B) (Doc. 60). Both parties filed briefs regarding the standard of review and the scope of discovery (Docs. 61 & 65). Based on the following, the Court rules as follows.

> **Local Rule 73.1(a)** provides:
>
> Any party may file for reconsideration of a Magistrate Judge's order determining a motion or matter under Local Rule 72.1(c) within ten (10) days after issuance of the Magistrate Judge's order, unless a different time is prescribed by the Magistrate Judge or a District Judge. Such party shall file with the Clerk of the Court, and serve on the Magistrate Judge and all parties, a written request for reconsideration which shall specifically designate the order, or part thereof, that the parties wish the Court to reconsider. A District Judge of the Court shall reconsider the matter and set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law. The District Judge may also reconsider *sua sponte* any matter determined by a Magistrate Judge under this rule.

Also, under **FEDERAL RULE OF CIVIL PROCEDURE 72(a)**, the Court may modify or reverse a decision of a magistrate judge on a non-dispositive issue upon a showing that the magistrate judge's decision is "clearly erroneous or contrary to the law." A finding is clearly erroneous when "the reviewing court on the entire evidence is left

with the definite and firm conviction that a mistake has been committed." ***Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985)(quoting *United States v. United States Gypsum Co.*, 333 U.S. 364 395 (1948)); *See also Weeks v. Samsung Heavy Industries Co. Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997)("The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made.")**. "Ordinarily, under clearly erroneous review, if there are two permissible views, the reviewing court should not overturn the decision solely because it would have not chosen the other view." ***American Motors Corp. v. Great American Surplus Lines Insurance Co.*, 1988 WL 2788 at \* 1 (N.D. Ill. 1988)**.

Federal Rule of Civil Procedure 26(b) provides that a party may obtain discovery of any relevant material that is not privileged. The parties dispute whether the plaintiff is entitled to discovery beyond the administrative record in this ERISA case. A review of an ERISA plan administrator's decision is presumptively *de novo* unless the "plan establishes discretionary authority" at which point review is differential under an arbitrary and capricious or substantial evidence standard. ***Perlman v. Swiss Bank Corp. Comprehensive Disability Protection Plan*, 195 F.3d 975, 980 (7th Cir. 1999); *See also Hackett v. Xerox Corporation Long-Term Disability Income Plan*, 315 F.3d 771, 773 (7th Cir. 2003)**. A *de novo* review necessarily means that any prejudice on the part of the administrator is irrelevant to a court's determination of whether Burns was entitled to benefits under

the ERISA plan. **See Wallace v. Reliance Standard Life Insurance Co., 318 F.3d 723, 723-724 (7th Cir. 2003)(stating that a *de novo* review is "unaffected by the disagreement between this Circuit and the Ninth about the consequences of an insurer's or sponsor's financial interest")**.[1] Similarly, when the standard of review is discretionary, discovery of American United's decision making is not permitted. ***Perlman*, 195 F.3d at 981**. As the Seventh Circuit has stated, "when there can be no doubt that the application was given a genuine evaluation, judicial review is limited to the evidence that was submitted in support of the application of benefits and the mental processes of the plan's administrator are not legitimate grounds of inquiry any more than they would be if the decision maker were an administrative agency." ***Perlman*, 195 F.3d at 982**. Therefore, whether the plan administrator's decision is reviewed *de novo* or deferentially, the discovery seeking to elicit the plan administrator's bias is necessarily irrelevant. This does not, however, prevent the plaintiff from seeking beyond the administrative record if the decision is reviewed *de novo*.

As stated above, review is presumptively *de novo* unless the plan establishes discretionary authority on the part of the plan administrator. Discretionary authority means the "authority to determine eligibility for benefits or

---

[1]In ***Perlman***, the Seventh Circuit stated that "[w]e have allowed parties to take discovery and present new evidence in ERISA cases subject to *de novo* judicial decisions." **195 F.3d at 982**. This language may appear ***Wallace***, however, it is clear from the opinion in ***Perlman*** and the Court's citation to ***Case v. Uddeholm Corp.*, 32 F.3d 1094, 1098-1099 n.4 (7th Cir. 1994)**, that the Court was referring to additional evidence that would show that the claimant was entitled to benefits and not evidence regarding bias on the part of the plan administrator.

to construe the terms of the plan." *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989); *Ruttenberg v. United States Life Ins.*, 413 F.3d 652, 659 (7th Cir. 2005); *Johnson v. AllSteel, Inc.*, 259 F.3d 885, 889 (7th Cir. 2001); *Morton v. Smith*, 91 F.3d 867, 870 (7th Cir. 1996). "To avoid an overly broad grant of discretionary authority based on boilerplate policy language, we have articulated a notice requirement that must be met before an insurer may be said to have retained an interpretive discretion: An employee must be told in clear terms that the administrator reserves the authority to construe terms in the plan." *Ruttenberg*, 413 F.3d at 659 (citing *Herzberger v. Standard Ins. Co.*, 205 F.3d 327, 333 (7th Cir. 2000)).

The parties agree, as does the Court, that the standard of review is *de novo* (Docs. 61 & 65). However, the parties still dispute the scope of discovery. Plaintiff argues that if *de novo* review applies then the parties are not limited to the administrative record and discovery outside the record should be allowed. Plaintiff maintains that her propounded discovery is geared towards establishing the impropriety of Defendant's retroactive termination of benefits under its disability policies once it became aware of Plaintiff's claim and that Defendant has already undertaken discovery on matters outside the administrative record, but pertinent to the allegations in the complaint. On the other hand, Defendant urges the Court to limit discovery to the evidence before the plan administrator as Plaintiff has not established that additional evidence is necessary. Defendant maintains that

discovery sought by Plaintiff is not limited and goes well beyond the scope of anything that the Court would review in deciding the merits of this case.

Under ***Perlman*** the district court has discretion to allow discovery beyond the administrative record. Judge Proud allowed discovery in this matter that is directed to the issues pled in the complaint. The Court does not find clear error in the Orders. Further, the Court finds that Defendant has not established that Judge Proud's Orders were clearly erroneous or contrary to the law. There is no reason for this Court to vacate Judge Proud's Orders or to change the discretionary supervision of the discovery in this case. Accordingly, the Court **DENIES** Defendant's appeals (Docs. 41 & 47) and **AFFIRMS** Magistrate Judge Proud's Orders.

**IT IS SO ORDERED.**

Signed this 17th day of April, 2006.

             /s/  David RHerndon
             **United States District Judge**