IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |  | |
|---|---|---|---|
| **VENITA BURNS,** | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| V. | ) | Civil No. **05-466-DRH** | |
| | ) | | |
| **AMERICAN UNITED LIFE INSUR. CO.,** | ) | | |
| | ) | | |
| Defendant. | ) | | |

## ORDER

**PROUD, Magistrate Judge:**

Before the Court is defendant's motion to quash the notice of deposition propounded upon defendant, or for a protective order. **(Doc. 86).** The corporate defendant objects that: (1) plaintiff has not described the topics to be addressed with "reasonable particularity," as required by Federal Rule of Civil Procedure 30(b)(6); (2) plaintiff has indicated a desire to delve into issues of Illinois law raised in the original complaint, but stricken by the Court and not contained in the amended complaint; (3) the defendant does not have a corporate "officer, director or managing agent" with knowledge of defendant's policies and practices of terminating group disability insurance policies; and (4) plaintiff has been uncooperative in trying to schedule the deposition. Because time is of the essence, and the issues raised simplistic, the Court will rule without benefit of a response from plaintiff.

The less than formal corporate deposition notice propounded by plaintiff does state with reasonable and sufficient particularity the topics expected to be addressed in the deposition of relief. However, some of the topics listed are clearly improper.

Federal Rule of Civil Procedure 26(b)(1) permits the discovery of any matter relevant to the

1

subject matter of the pending action, so long as the sought after information is not privileged, even if inadmissible at trial, if the information sought appears reasonably calculated to lead to the discovery of admissible evidence. The Supreme Court has interpreted relevance broadly to include any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case. ***Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).** In no uncertain terms, the Court has stricken all references to the Illinois Insurance Code and state law theories because they are preempted by ERISA. **(Doc. 34).** Therefore, plaintiff's desire to inquire into issued raised in the now defunct complaint (or the same issues raised in other discovery requests) is improper and will clearly not lead to the discovery of admissible evidence related to the very narrow ERISA issues raised in the amended complaint. Therefore, plaintiff shall once and for all abandon her attempts to keep such issues in this case. Although the Court has permitted discovery beyond the administrative record, the scope of discovery is still controlled by the issues raised in the complaint. Therefore, plaintiff should **<u>not</u>** attempt to expand the permissible scope of discovery to the Illinois Insurance Code and state law theories.

     Defendant's assertion that there is no currently employed corporate officer, director or managing agent with knowledge of defendant's policies and practices of terminating group disability insurance policies is specious. Federal Rule of Civil Procedure 30(b)(6) also permits a corporation to designate "other persons" to speak on behalf of the corporation. Defendant acknowledges that Becky Hill can testify to those matters. It is ridiculous to argue that Hill is the only person who can testify to the corporation's policies and practices regarding terminating group disability insurance policies, but refuse to grant her the authority to speak for the corporation because she is not an "officer, director or managing agent."

The newly revised discovery cutoff is July 31, 2006; therefore, time is of the essence. In accordance with the American Bar Association's Civil Discovery Standards (1994), defendant's corporate deposition(s) shall occur at a location and at the convenience of the defendant.  In the highly unlikely event that the parties cannot agree on the timing and location of the corporate deposition(s), they need only alert the Court and a Court-supervised deposition(s) will be set– most likely on a weekend.

**IT IS THEREFORE ORDERED** that **(Doc. 86)** is **GRANTED IN PART AND DENIED IN PART** as detailed in this order.

**IT IS SO ORDERED.**

**DATED: July 7, 2006**

<u>**s/ Clifford J. Proud**</u>
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**