IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| VENITA BURNS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No.:  05-466 DRH |
| ) | |
| ) | |
| AMERICAN UNITED LIFE INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

### PLAINTIFF'S APPEAL OF MAGISTRATE
### JUDGE'S ORDER OF JULY 7, 2006

COMES NOW the Plaintiff, Venita Burns, by and through her undersigned attorney, pursuant to FRCP 72(a) and SDIL-LR 73.1(a), and for her request for Appeal of the discovery Order (Doc. 88) granting Defendant's Motion for Protective Order (Doc. 86), states as follows:

1.  On July 3, 2006, the Defendant filed a Motion to Quash Notice of Deposition and/or for Protective Order on the basis that Plaintiff's counsel intended to depose the Defendant's corporate designee about, among other things, Defendant's compliance with State law with regard to retroactive termination of group insurance policies. The Defendant objected to this inquiry on the basis that the Court had previously stricken all reference to Illinois law in this case.

2.  On July 7, 2006, the Court recited that it has previously stricken all references to the Illinois Insurance Code and State law theories because they are pre-empted by ERISA (Doc. 34). The Court further warned the Plaintiff to abandon

1

her attempts to keep such issues in this case and should not attempt to expand the permissible scope of discovery to the Illinois Insurance Code and State law theories.

3.  Plaintiff requests that the Court vacate the portion of the Order that the scope of permissible discovery does not include the Illinois Insurance Code.

4.  At this point, Plaintiff desires to clarify that she is not appealing any ruling by the Court that state law theories (of recovery) are pre-empted by ERISA as this Court initially ruled on November 28, 2005 (Doc. 34). However, Plaintiff does appeal the Court's ruling that the Illinois Insurance Code is off limits in discovery and that the Court has stricken all references to the Illinois Insurance Code. The basis of Plaintiff's request arises from the divergence from the Court's Order of November 28, 2005 (Doc. 34) in which the Court stated that "all requests for relief pursuant to the Illinois Insurance Code and all requests for relief pursuant to state law theories" were pre-empted by ERISA, and the Court's Order of July 7, 2006 (Doc. 88) in which the Court recited that the Court had previously stricken all references to the Illinois Insurance Code and state law theories because they are pre-empted by ERISA (citing Doc. 34) and prohibited the Plaintiff from including the Illinois Insurance Code in discovery.

5.  Plaintiff comprehends that ERISA pre-empts all requests for relief pursuant to state law, including any requests for relief set forth in the Illinois Insurance Code. However, references to the Illinois Insurance Code (to the extent they do not provide relief) are not pre-empted, and are fair game in discovery.

6.  While requests for relief pursuant to state law are pre-empted, the same is not true of "any law of any state which regulates insurance . . ." 29 USCA §

1144(b)(2)(A). The Court previously acknowledged this in its Order of November 28, 2005 in which it stated "however, ERISA provides that state law is not pre-empted if it regulates insurance." (Citations omitted). The Court further identified the

> two considerations (that) determine whether ERISA's insurance savings clause applies to a state law. First, courts determine whether a 'common sense view' suggests that the law at issue regulates insurance and therefore falls within the Savings Clause. Pilot Life, 481 US at 47-48; accord, e.g., Kentucky Ass'n of Health Plans, Inc. v. Miller, 538 US 329, 341, 123 S.Ct. 1471, (2003). Second, courts generally consider the 'business of insurance' test from the McCarran-Ferguson Act, 15 U.S.C. § 1011 et seq. Id. The 'business of insurance' test consists of three factors: (1) whether the practice has the effect of transferring or spreading a policy holder's risk; (2) whether the practice is an integral part of the policy relationship between the insurer and insured; and (3) whether the practice is limited to entities within the insurance industry. See Id. at 48-49 (citations and quotations omitted).

Court Order of November 28, 2005 (Doc. 34), p. 12.

    7.    One particular provision in the Illinois Insurance Code relates to termination of group policies in Illinois: Section 5/370e entitled Notice of Termination of Group or Blanket Accident and Health Plan provides that "companies which issue group accident and health policies or blanket accident and health plans to employer groups in this state shall provide the employer with notice of termination of a group or blanket accident and health plan because of the employer's failure to pay the premium when due. The insurance company shall send a copy of such notice to the department." 215 ILCS 5/370e. This provision is applicable to the disability policy issued by the Defendant to the Plaintiff's employer as was pointed out by this Court previously when it stated that "section 4 (215 ILCS 5/4) defines the term "accident and health" insurance to include insurance covering

disability." Court's Order of November 28, 2005 (Doc. 34). Section 5/370e is found in article 20 which is entitled "Accident and Health Insurance."

8.   Applying the framework that this Court set forth with regard to its analysis of whether a state law regulates insurance (Doc. 34, page 12-13), with respect to the first consideration, the "common sense view," 215 ILCS 5/370e specifies that an insurer shall provide the employer with notice of termination when the employer fails to pay premiums when due. It also provides that the insurer shall send a copy of the notice to the Illinois Department of Insurance. This statute does nothing other than specify how an insurer is to respond when given a certain set of facts. The statute does not provide any form any relief, but mandates how the insurer is to respond when it desires to terminate an accident and health insurance policy, such as the one at issue.

With respect to the second consideration (the "business of insurance test from the McCarran-Ferguson Act), the Illinois statute likely has an effect on the policy holder's underlying risk. The Statute is an integral part of the policy relationship between the insurer and the insured as it dictates in what circumstances the employer is to be notified of the termination of the insurance policy. Third, this particular statute is limited to insurers issuing accident and health insurance policies, such as the Plaintiff's group disability insurance. As such, 215 ILCS 5/370e is clearly a statute that regulates an insurance company and as such, is excluded from the pre-emption provisions of ERISA under 29 USCA §1144(b)(2)(A).

4

Consequently, the Plaintiff should have the opportunity to inquire during discovery and at trial whether the Defendant complied with the Illinois Insurance Code with respect to its retroactive termination of Plaintiff's disability policy.

WHEREFORE, the Plaintiff respectfully requests that the Court reconsider and/or set aside the Court's ruling of July 7, 2006 with respect to the Illinois Insurance Code being pre-empted by ERISA and the Illinois Insurance Code exceeding the permissible scope of discovery.

  /s/ Matt Marlen
MATTHEW J. MARLEN #6209421
7012 West Main Street
Belleville, Illinois  62223
(618) 394-9494
(618) 394-9496 facsimile
ATTORNEY FOR PLAINTIFF

PROOF OF SERVICE

I hereby state that on July 17, 2006, I electronically filed the foregoing with the clerk of Court using the CM/ECF system which sent notification of such filing to the following: Kathi Chestnut and Amy Blaisdell, 10 South Broadway, Suite 2000, St. Louis, Missouri, 63102, and Russell Scott, 12 Wolf Creek Drive, Suite 100, Belleville, Illinois, 62226, Attorneys for American United Life Insurance Co.

  /s/ Matt Marlen
MATTHEW J. MARLEN