IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**VENITA BURNS,**

**Plaintiff,**

**v.**

**AMERICAN UNITED LIFE
INSURANCE COMPANY,**

**Defendant.**                                                              **No. 05-CV-0466-DRH**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

### I. Introduction and Background

Now before the Court is Defendant's motion to dismiss (Doc. 64). Specifically, Defendants move the Court to dismiss Plaintiff's Amended Complaint due to Plaintiff's failure to exhaust administrative remedies and for failure to join an indispensable party. Plaintiff opposes the motion (Doc. 74). Based on the following, the Court grants the motion to dismiss for failure to exhaust administrative remedies.

On May 31, 2005, Venita Burns filed suit against American United Insurance Company ("American United") in the St. Clair County, Illinois Circuit Court (Doc. 2). Burns' complaint alleges wrongful cancellation of a group short term and long term disability policy (Count I) and consumer fraud (Count II). Specifically, the complaint alleges that prior to August 24, 2003, American United issued a group

short term and long term disability policy to employees of Willowcreek Rehabilitation and Nursing Center, Inc. and that Burns was an employee of Willowcreek (Doc. 2, ¶¶ 1 & 2). In Count I, Burns alleges that American United's conduct in cancelling the policy was vexatious and unreasonable and seeks damages and other remedies pursuant to Illinois Insurance Code, 215 ILCS § § 5/155, 5/357.5, 5/357.9(a). In Count II, Burns alleges that American United's conduct of cancelling her insurance policy constituted consumer fraud.

On June 30, 2005, American United removed the case to this Court based on federal question jurisdiction, **28 U.S.C. § 1331**, and diversity jurisdiction, **28 U.S.C. § 1332** (Doc. 1). American United's notice of removal states that the Court has federal question jurisdiction over Burns' claims in that she seeks damages for conduct related to the alleged denial of group disability insurance benefits under an employee welfare benefit plan, thus her claims are preempted by ERISA. Further, the notice of removal states that the Court has diversity jurisdiction because Burns is a citizen of Illinois, American United is a citizen of Indiana and the amount in controversy exceeds $75,000.[1]

On November 28, 2005, the Court granted Defendant's motion to strike, found that Burns' claims were preempted by ERISA and struck from Burns' complaint all requests for relief pursuant to the Illinois Insurance Code and all requests for relief pursuant to state law theories (Doc. 34). On February 8, 2006,

---

[1]Plaintiff did not file a motion to remand.

after four attempts, Magistrate Judge Clifford J. Proud granted Burns' motion for leave to file an amended complaint (Doc. 59) and Plaintiff filed her Amended Complaint on February 14, 2006 (Doc. 60). Plaintiff's Amended Complaint is a one-count complaint seeking benefits under ERISA, **29 U.S.C. § 1132(a)(1)(B)**. Burns claims that she requested benefits from American United (Doc. 60, ¶¶ 9 & 10). Burns further alleges that on November 17, 2003, American United "terminated the disability insurance policies for non-payment of premium retroactive to midnight of June 20, 2003." (Doc. 60, ¶ 10). The Amended Complaint further alleges that she received a letter dated November 21, 2003 from American United stating:

> "On November 14, 2003, we received your short term disability claim forms regarding your application for disability benefits under your group policy with your employer, Boulevard – Willowcreek. Your coverage under your employer's group policy terminated as of June 30, 2003; therefore you are not eligible for benefits under the policy. Based on this information, we have no choice by to deny your application for disability benefits."

(Doc. 60, ¶ 14). Thereafter, Defendant moved to dismiss. The Court now turns to address Defendant's motion.

## II. Analysis

"As a pre-requisite to filing suit, an ERISA plaintiff must exhaust his internal administrative remedies." ***Zhou v. Guardian Life Insurance Co. of America*, 295 F.3d 677, 679 (7th Cir. 2002)(citing *Doe v. Blue Cross & Blue Shield United of Wisc.*, 112 F.3d 869, 873 (7th Cir. 1997))**. Exhaustion furthers the "goals of minimizing the number of frivolous lawsuits" and allows for the

development of a more complete factual record for review. *Id.* **(quoting** *Gallegos v. Mt. Sinai Medical Center***, 210 F.3d 803, 807-808 (7th Cir. 2000))**. "Because the ERISA plaintiff need only exhaust *available* remedies, 'we have recognized two circumstances in which a failure to exhaust maybe excused. One is if there is a lack of meaningful access to review procedures, and the other applies if pursuing internal remedies would be futile.'" *Ruttenberg v. United States Life Insurance Co.***, 413 F.3d 652, 662 (7th Cir. 2005)(citations omitted)**. "However, for a party to come within the futility exception, he 'must show that it is certain that [his] claim will be denied on appeal, not merely that an appeal will result in a different decision.'" *Zhou***, 295 F.3d at 680 (quoting** *Lindemann v. Mobil Oil Corp.***, 79 F.3d 647, 650 (7th Cir. 1996))**. "When a party has proffered no facts indicating that the review procedure that he initiated will not work, the futility exception does not apply." *Id.* A decision to require exhaustion is committed to the sound discretion of the district court…" *Ruttenberg***, 413 F.3d at 662**.

Plaintiff filed her claim for benefits on November 14, 2003 (Doc. 60, ¶¶ 9, 10 and 14). American United's November 21, 2003 letter denying Burns' claims for benefits states in part:

> *Under the Employee Retirement Income Security Act (ERISA), claimants are allowed one hundred eighty (180) days following receipt of a notification of an adverse benefit determination within which to appeal the determination.*
>
> Appeal requests allow claimants the opportunity to submit written comments, documents, records and other information relating to a claim for benefits. The claimant is entitled to receive, upon request and

> free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to the claimant's claim for benefits. Whether a document, record, or other information is relevant to a claim for benefits shall be determined by reference to ERISA paragraph (m)(8) of 29 C.F.R. § 2560.503-1.

(Doc. 63, Exhibit B).

First, American United contends that Plaintiff's Amended Complaint should be dismissed, because Burns has not alleged that she exhausted, or even attempted to exhaust, her administrative remedies. Burns admits that she did not exhaust her administrative remedies and pursue the denial of her benefits. Burns claims that she was excused from exhaustion by both the lack of meaningful access to review procedures and the alleged futility of the appeal. As to the lack of meaningful access Burns contends that she was not aware of the identity of the issuer of her disability policy until she received American United's November 21, 2003 letter.[2] She had not received any documents from Defendant indicating that it was the insurer of her disability policies. She also assumed that her employer would submit the proper application for benefits as her employer had paid the policy premiums from her wages and her employer was aware of her medical condition. She also contends that it would have been futile because American United initially denied her request for benefits on the basis that the policies had been terminated as

---

[2] Burns also contends that she did not exhaust her administrative remedies due in part because of her stoke which has left her barely able to write her name. As to this argument, American United maintains that less then a month after receiving the denial of benefits letter, Burns was represented by present counsel and that she filed her state court lawsuit, by and through her present counsel, against her employer on December 15, 2003 less than a month after receiving American United's denial of benefit's letter.

of June 30, 2003 for non-payment of premiums. Further, Plaintiff maintains that throughout this litigation Defendant has defended its position.

The Court is not persuaded by Burns' argument. In *Ames v. American Nat. Can Co.*, **170 F.3d 751, 756 (7th Cir. 1999)**, the plan participants/plaintiffs argues that exhaustion would be futile, because the defendants had acted in bad faith, were strenuously "opposing the plaintiffs' position" in the pending federal lawsuit, and were themselves the decision-makers charged with evaluating claims. The Seventh Circuit rejected these excuses for failing to exhaust, noting:

> [T]he fact that the individual named defendants would be the people reviewing the plaintiffs' administrative appeals is not enough to relieve plan participants of the duty to exhaust administrative remedies. *See Robyns v. Reliance Standard Life Ins. Co.*, 130 F.3d 1231, 1238 (7th Cir. 1997) (absence of neutral arbitrator not determinative of futility of administrative remedy)... We also find that the plaintiffs have not shown that they were denied meaningful access to the claims procedures. They had in their possession numerous documents and publications instructing them on how to proceed, including the [summary plan description] and a complete description of these procedures in the employee handbook.... This falls well short of the kinds of denial of access that have excused exhaustion in earlier cases.

*Ames*, **170 F.3d at 756-57**.

The Court cannot conclude that, on the facts of this case, exhaustion would be a meaningless procedural step. The gist of Burns' ERISA claim is that she requested benefits from American United, that American United improperly denied her benefits and retroactively terminated her disability policies from November 17, 2003 to June 30, 2003 when the policy provides for a minimum of 31 days prior

notice of cancellation. The administrative process would permit a complete record to be developed in a less adversarial setting. The record would include such key facts as to whether Burns' employer failed to pay the premiums, whether American received and accepted a lump sum payment from Burns' employer and whether Defendant issued a notice of cancellation. Such facts, when fleshed out through an administrative record and later presented in a judicial forum, would conserve judicial resources and allow the Court to directly address key issues in a prompt and decisive manner. Furthermore, American United's November 21, 2003 denial letter informed Burns of her appeal rights, directed her to request any documents she needed to appeal the decision and allowed her six months to appeal. During the majority of the six month period, Burns was represented by present counsel and was pursuing an action against her employer in state court based on her employer's failure to pay premiums to keep her disability plans in force.

Stated simply, the Court does not agree with Burns that exhaustion would be futile or that she lacked a meaningful access to the review procedures. Accordingly, the Court dismisses Plaintiff's Amended Complaint for failure to exhaust. Said dismissal shall be without prejudice to Burns properly refiling a federal suit after she exhausts her administrative remedies.

### III. Conclusion

Accordingly, the Court **GRANTS** Defendant's motion to dismiss (Doc. 64). The Court **DISMISSES without prejudice** Plaintiff's Amended Complaint for

failure to exhaust administrative remedies.

**IT IS SO ORDERED.**

Signed this 28th day of July, 2006.

        /s/      David   RHerndon
**United States District Judge**